

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) CHRISTIANSEN AVIATION, INC., an Oklahoma corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| (2) XL SPECIALTY INSURANCE COMPANY, a foreign corporation, | ) ) |
| (3) FALCON INSURANCE AGENCY, INC., a foreign corporation, | ) ) |
| (4) VECTAIR USA, LLC, a foreign corporation, | ) ) |
| (5) AERO QUEST, LLC, d/b/a AIR VENTURE FLIGHT CENTER, a foreign limited liability company, and | ) ) ) ) |
| (6) NATALIE HOOVER, | ) ) |
| Defendants. | ) |

**FILED**

JUL 2 7 2012

Phil Lombardi, Clerk
U.S. DISTRICT COURT

Case No.:

**12 CV - 4 2 1 CVE    TLW**

## DEFENDANTS' NOTICE OF REMOVAL

Defendants, XL Specialty Insurance Company ("XL Specialty"), Vectair USA,

LLC ("Vectair"), Aero Quest, LLC ("Aero Quest") and Natalie Hoover ("Hoover")

(collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, remove

this action from the District Court of Tulsa County, Oklahoma, where it was filed as

Case No. CJ-2012-2654, to the United States District Court for the Northern District

of Oklahoma.  Defendants state the following as grounds for removal:

1.      On May 18, 2012, Plaintiff filed a Petition in the District Court of Tulsa

County against the above-named defendants.  The case was assigned Case No. CJ-



2012-2654 ("the State Court Action"). XL Specialty was served with the Petition on June 28, 2, 2012. Vectair was served with the Petition on June 27, 2012. Aero Quest was served on June 27, 2012. Hoover was served on July 5, 2012. See Docket Sheet for Tulsa County District Court Case No. CJ-2012-2654, attached as Exhibit 1.

2.      Pursuant to LCvR81.2, a copy of the docket sheet for Tulsa County District Court Case No. CJ-2012-2654, which identifies all pleadings, appearances, and orders filed in the State Court action, has been downloaded from the Oklahoma Supreme Court Net work ("OSCN") and is attached hereto as Exhibit 1. Pursuant to 28 U.S.C. § 1446 and LCvR 81.2, all papers filed or served on XL Specialty in the State Court Action at the time of this removal are attached hereto. The Petition is attached as Exhibit 2. The Proof of Service of Summons to XL Specialty is attached as Exhibit 3. The Proofs of Service of Summonses issued to Vectair USA, LLC ("Vectair"), Aero Quest, LLC, d/b/a Air Venture Flight Center ("Aero Quest") and Natalie Hoover ("Hoover") are attached, respectively, as Exhibits 4, 5, and 6. Falcon Insurance Agency, Inc. ("Falcon") has not yet been served with the Petition and Summons. An entry of appearance by the undersigned and a reservation of the time to answer on behalf of the served Defendants are attached as Exhibit 7. There are no motions pending at the time of this removal.

3.      Removal is proper because there is complete diversity between the parties. 28 U.S.C. § 1332(a). Plaintiff, Christiansen Aviation, Inc., is a corporation organized under the laws of Oklahoma, with its principal place of business in

Oklahoma. *See* Exhibit 2, at ¶ 1. XL Specialty is a corporation organized under the laws of Delaware with its principal place of business in Connecticut. [*See* Exhibit 8, NAIC Consumer Information Record for XL Specialty, and Exhibit 3, Proof of Service of Summons to XL Specialty.] Falcon Insurance is a corporation organized under the laws of Texas with its principal place of business in Texas. [*See* Exhibit 9, Texas Sec. of State Record for Falcon Insurance.] Vectair is a limited liability company organized under the laws of Mississippi with its principal place of business in Mississippi. [*See* Exhibit 10, Mississippi Sec. of State Record, and Proof of Service of Summons to Vectair, Exhibit 4.] Aero Quest is a limited liability company organized under the laws of Mississippi with its principal place of business in Mississippi. [*See* Exhibit 11, Mississippi Sec. of State Record, and Proof of Service of Summons to Aero Quest, Exhibit 5.] Hoover is a resident of Tennessee. [*See* Proof of Service of Summons to Hoover, Exhibit 6.]

4.    Plaintiffs state in the Petition that the amount of controversy exceeds the amount required for diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* Exhibit 2, Petition, Prayers for Relief following ¶¶ 61 & 66.

5.    Removal is proper because this Court would have had original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) had it been brought in federal court in that this action is between citizens of different States and the amount of controversy is at least $75,000.

6.    Venue properly lies in the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. § 1441(a) because this District encompasses the county in which the State Court Action is pending.

7.    Written notice of the filing of this Notice of Removal will be given to Plaintiff through its counsel of record in the State Court Action.  Also, as required by 28 U.S.C. § 1441(d), a copy of this Notice of Removal will be filed with the Clerk for the District Court of Tulsa County.

WHEREFORE Defendant, XL Specialty Insurance Company, Vectair USA, LLC, Aero Quest, LLC and Natalie Hoover asks that no further proceedings take place in the District Court of Tulsa County and that this suit be removed to the United States District Court for the Northern District of Oklahoma.

Dated: July 27, 2012.

Respectfully Submitted

By:    /s/ John H. Tucker
       JOHN H. TUCKER, OBA #9110
       e-mail: jtucker@rhodesokla.com
       KERRY R. LEWIS, OBA #16519
       e-mail: klewis@rhodesokla.com
       RHODES, HIERONYMUS, JONES, TUCKER &
          GABLE, PLLC
       P. O. BOX 21100
       Tulsa, OK 74121-1100
       Phone:  918-582-1173
       Fax: 918-592-3390
       *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on the 27th day of July, 2012, I electronically transmitted the attached document by First Class Mail, with correct postage fully prepaid thereon, to the following:

***Counsel for Plaintiff:***

George Gibbs          ggibbs@tulsacounsel.com
Jamie Rogers          jrogers@tulsacounsel.com
Gibbs Armstrong Borochoff Mullican & Hart, P.C.
601 South Boulder Avenue, Suite 500
Tulsa, OK  73102


/s/ John H. Tucker

## OSCN

**THE OKLAHOMA STATE COURTS NETWORK**

*www.oscn.net*

| Home | Courts | Court Dockets | Legal Research | Calendar | Help |

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| CHRISTIANSEN AVIATION INC,<br>        Plaintiff,<br>v.<br>XL SPECIALTY INSURANCE COMPANY,<br>        Defendant, and<br>FALCON INSURANCE AGENCY INC,<br>        Defendant, and<br>VECTAIR USA LLC,<br>        Defendant, and<br>AERO QUEST LLC DBA<br>AIR VENTURE FLIGHT CENTER,<br>        Defendant, and<br>NATALIE BINGHAM HOOVER,<br>        Defendant. | No. CJ-2012-2654<br>**(Civil relief more than $10,000:**<br>**BREACH OF AGREEMENT - CONTRACT)**<br><br>Filed: 05/18/2012<br><br>Judge: Sellers, Jefferson D. |

## Parties

AERO QUEST LLC , Defendant
CHRISTIANSEN AVIATION INC , Plaintiff
FALCON INSURANCE AGENCY INC , Defendant
HOOVER, NATALIE BINGHAM , Defendant
VECTAIR USA LLC , Defendant
XL SPECIALTY INSURANCE COMPANY , Defendant

## Attorneys

| Attorney | Represented Parties |
|---|---|
| Rogers, Jamie Alison(Bar # 19927)<br>601 South Boulder, Suite 500<br>Tulsa, OK 74119 | CHRISTIANSEN AVIATION INC, |
| TUCKER, JOHN HAMPTON(Bar # 9110)<br>100 W 5TH, STE 400<br>PO BOX 21100<br>TULSA, 74121 | HOOVER, NATALIE BINGHAM<br>AERO QUEST LLC,<br>VECTAIR USA LLC,<br>XL SPECIALTY INSURANCE COMPANY, |

## Events

**EXHIBIT**

**1**

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

**Issue # 1.**

Issue: BREACH OF AGREEMENT - CONTRACT
(CONTRACT)
Filed by: CHRISTIANSEN AVIATION INC
Filed Date: 05/18/2012

**Party Name:**

**Disposition Information:**

**Defendant:** XL SPECIALTY INSURANCE      Pending.
COMPANY

**Defendant:** FALCON INSURANCE AGENCY   Pending.
INC

**Defendant:** VECTAIR USA LLC             Pending.

**Defendant:** AERO QUEST LLC              Pending.

**Defendant:** HOOVER, NATALIE BINGHAM   Pending.

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 05-18-2012 | TEXT | 1 | | 81732739 | May 18 2012 4:17:27:400PM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 05-18-2012 | CONTRACT | - | | 81732741 | May 18 2012 4:17:27:440PM | Realized | $ 0.00 |
| | BREACH OF AGREEMENT - CONTRACT | | | | | | |
| 05-18-2012 | DMFE | - | | 81732742 | May 18 2012 4:17:27:580PM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 05-18-2012 | PFE1 | - | | 81732743 | May 18 2012 4:26:42:010PM | Realized | $ 163.00 |
| | PETITION($ 163.00) 🖹 _Document Available (#1018540067)_ | | | | | | |
| 05-18-2012 | PFE7 | - | | 81732744 | May 18 2012 4:17:27:580PM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | | |
| 05-18-2012 | OCISR | - | | 81732745 | May 18 2012 4:17:27:580PM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 05-18-2012 | CCADMIN02 | - | | 81732746 | May 18 2012 4:17:27:580PM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | | |
| 05-18-2012 | OCJC | - | | 81732747 | May 18 2012 4:17:27:580PM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | | |
| 05-18-2012 | OCASA | - | | 81732748 | May 18 2012 4:17:27:580PM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | | |
| 05-18-2012 | CCADMIN04 | - | | 81732749 | May 18 2012 4:17:27:580PM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | | |
| 05-18-2012 | LTF | - | | 81732750 | May 18 2012 4:17:27:680PM | Realized | $ 10.00 |

LENGTHY TRIAL FUND($ 10.00)

| 05-18-2012 TEXT | - | | 81732740 | May 18 2012 4:17:27:420PM | - | $ 0.00 |

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE SELLERS, JEFFERSON D. TO THIS CASE.

| 05-18-2012 ACCOUNT | - | | 81732762 | May 18 2012 4:18:05:720PM | - | $ 0.00 |

RECEIPT # 2012-2363210 ON 05/18/2012.
PAYOR:GIBBS ARMSTRONG TOTAL AMOUNT PAID: $213.70.
LINE ITEMS:
CJ-2012-2654: $163.00 ON AC01 CLERK FEES.
CJ-2012-2654: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2012-2654: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2012-2654: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2012-2654: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2012-2654: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2012-2654: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2012-2654: $10.00 ON AC81 LENGTHY TRIAL FUND.

| 06-27-2012 SMF | - | | 82099912 | Jun 27 2012 10:44:35:250AM | Realized | $ 25.00 |

SUMMONS FEE (CLERKS FEE)5($ 25.00)

| 06-27-2012 SMIMA | - | | 82099921 | Jun 27 2012 10:44:56:070AM | - | $ 0.00 |

SUMMONS ISSUED - MAILED BY ATTORNEY-5-

| 06-27-2012 ACCOUNT | - | | 82099949 | Jun 27 2012 10:45:53:580AM | - | $ 0.00 |

RECEIPT # 2012-2390433 ON 06/27/2012.
PAYOR:GIBBS ARMSTRONG TOTAL AMOUNT PAID: $25.00.
LINE ITEMS:
CJ-2012-2654: $25.00 ON AC01 CLERK FEES.

| 07-12-2012 S | - | XL SPECIALTY INSURANCE COMPANY | 82243431 | Jul 12 2012 4:39:26:377PM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED.SUMMONS SERVED ON XL SPECIALTY INSURANCE COMPANY, ON 6-29-12 BY CERTIFIED MAIL (CLK'S NOTE: TRACK & CONFIRM ATTACHED - ILLEGIBLE)
📄 *Document Available (#1019038785)*

| 07-12-2012 S | - | VECTAIR USA LLC | 82243432 | Jul 12 2012 4:38:21:617PM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED FOR VECTAIR USA LLC / CERTIFIED MAIL / SIGNED BRENDA HAMMERTON, ON 6-29-12
📄 *Document Available (#1019038874)*

| 07-12-2012 S | - | AERO QUEST LLC | 82243466 | Jul 12 2012 4:39:46:837PM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED FOR AERO QUEST LLC / CERTIFIED MAIL/ SIGNED BRENDA HAMMERTON, ON 6-29-12 /
📄 *Document Available (#1019038870)*

| 07-12-2012 S | - | HOOVER, NATALIE BINGHAM | 82243494 | Jul 12 2012 4:40:45:587PM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED ON NATALIE BINGHAM

HOOVER, SIGNED BY DUSTIN HOOVER, ON 7-05-12 BY CERTIFIED MAIL (USPS TRACK & CONFIRM ATTACHED)

📄 *Document Available (#1019038781)*

| 07-18-2012 EAA | - | XL SPECIALTY INSURANCE COMPANY | 82298217 | Jul 18 2012 4:29:19:103PM | - | $ 0.00 |
|---|---|---|---|---|---|---|

SPECIAL ENTRY OF APPEARANCE & RESERVATON OF TIME IN WHICH TO FURTHER PLEAD OR ANSWER (JOHN TUCKER ENTERS AS COUNSEL FOR XL SPECIALATY INSURANCE CO, VECTAIR USA LLC, AERO QUET LLC & NATALIE BINGHAM HOOVER - COVERSHEETS ATTACHED) / CERTIFICATE OF SERVICE

📄 *Document Available (#1019043556)*

| 07-24-2012 SMIP | - | | 82355987 | Jul 24 2012 3:28:25:963PM | - | $ 0.00 |
|---|---|---|---|---|---|---|

SUMMONS ISSUED - PRIVATE PROCESS SERVER

| 07-24-2012 SMF | - | | 82355989 | Jul 24 2012 3:28:28:703PM | Realized | $ 5.00 |
|---|---|---|---|---|---|---|

SUMMONS FEE (CLERKS FEE)($ 5.00)

| 07-24-2012 ACCOUNT | - | | 82355998 | Jul 24 2012 3:28:51:093PM | - | $ 0.00 |
|---|---|---|---|---|---|---|

RECEIPT # 2012-2407011 ON 07/24/2012.
PAYOR:GIBBS ARMSTRONG TOTAL AMOUNT PAID: $5.00.
LINE ITEMS:
CJ-2012-2654: $5.00 ON AC01 CLERK FEES.

Report Generated by The Oklahoma Court Information System at July 26, 2012 10:41 AM

End of Transmission.

## OSCN
### THE OKLAHOMA STATE COURTS NETWORK
*www.oscn.net*

| Home | Courts | Court Dockets | Legal Research | Calendar | Help |

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| | |
|---|---|
| CHRISTIANSEN AVIATION INC, <br>     Plaintiff, <br> v. <br> XL SPECIALTY INSURANCE COMPANY, <br>     Defendant, and <br> FALCON INSURANCE AGENCY INC, <br>     Defendant, and <br> VECTAIR USA LLC, <br>     Defendant, and <br> AERO QUEST LLC DBA <br> AIR VENTURE FLIGHT CENTER, <br>     Defendant, and <br> NATALIE BINGHAM HOOVER, <br>     Defendant. | **No. CJ-2012-2654** <br> **(Civil relief more than $10,000:** <br> **BREACH OF AGREEMENT - CONTRACT)** <br><br> Filed: 05/18/2012 <br><br> Judge: Sellers, Jefferson D. |

## Parties

AERO QUEST LLC , Defendant
CHRISTIANSEN AVIATION INC , Plaintiff
FALCON INSURANCE AGENCY INC , Defendant
HOOVER, NATALIE BINGHAM , Defendant
VECTAIR USA LLC , Defendant
XL SPECIALTY INSURANCE COMPANY , Defendant

## Attorneys

| **Attorney** | **Represented Parties** |
|---|---|
| Rogers, Jamie Alison(Bar # 19927) <br> 601 South Boulder, Suite 500 <br> Tulsa, OK 74119 | CHRISTIANSEN AVIATION INC, |
| TUCKER, JOHN HAMPTON(Bar # 9110) <br> 100 W 5TH, STE 400 <br> PO BOX 21100 <br> TULSA, 74121 | HOOVER, NATALIE BINGHAM <br> AERO QUEST LLC, <br> VECTAIR USA LLC, <br> XL SPECIALTY INSURANCE COMPANY, |

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

**EXHIBIT**

**1**

## Issues

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

| | |
|---|---|
| **Issue # 1.** | Issue: BREACH OF AGREEMENT - CONTRACT <br> (CONTRACT) <br> Filed by: CHRISTIANSEN AVIATION INC <br> Filed Date: 05/18/2012 |
| **Party Name:** | **Disposition Information:** |

**Defendant:** XL SPECIALTY INSURANCE COMPANY     Pending.

**Defendant:** FALCON INSURANCE AGENCY INC     Pending.

**Defendant:** VECTAIR USA LLC     Pending.

**Defendant:** AERO QUEST LLC     Pending.

**Defendant:** HOOVER, NATALIE BINGHAM     Pending.

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | | |
|------|------|-------|-------|----------|------------|---|---|
| 05-18-2012 | TEXT | 1 | | 81732739 | May 18 2012 4:17:27.400PM | - | $ 0.00 |
| | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | | | | | | |
| 05-18-2012 | CONTRACT | - | | 81732741 | May 18 2012 4:17:27.440PM | Realized | $ 0.00 |
| | BREACH OF AGREEMENT - CONTRACT | | | | | | |
| 05-18-2012 | DMFE | - | | 81732742 | May 18 2012 4:17:27.580PM | Realized | $ 2.00 |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | | |
| 05-18-2012 | PFE1 | - | | 81732743 | May 18 2012 4:26:42.010PM | Realized | $ 163.00 |
| | PETITION($ 163.00) 📰 _Document Available (#1018540067)_ | | | | | | |
| 05-18-2012 | PFE7 | - | | 81732744 | May 18 2012 4:17:27.580PM | Realized | $ 6.00 |
| | LAW LIBRARY FEE($ 6.00) | | | | | | |
| 05-18-2012 | OCISR | - | | 81732745 | May 18 2012 4:17:27.580PM | Realized | $ 25.00 |
| | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 25.00) | | | | | | |
| 05-18-2012 | CCADMIN02 | - | | 81732746 | May 18 2012 4:17:27.580PM | Realized | $ 0.20 |
| | COURT CLERK ADMINISTRATIVE FEE ON $2 COLLECTIONS($ 0.20) | | | | | | |
| 05-18-2012 | OCJC | - | | 81732747 | May 18 2012 4:17:27.580PM | Realized | $ 2.00 |
| | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND($ 2.00) | | | | | | |
| 05-18-2012 | OCASA | - | | 81732748 | May 18 2012 4:17:27.580PM | Realized | $ 5.00 |
| | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES($ 5.00) | | | | | | |
| 05-18-2012 | CCADMIN04 | - | | 81732749 | May 18 2012 4:17:27.580PM | Realized | $ 0.50 |
| | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS($ 0.50) | | | | | | |
| 05-18-2012 | LTF | - | | 81732750 | May 18 2012 4:17:27.680PM | Realized | $ 10.00 |

LENGTHY TRIAL FUND($ 10.00)

| 05-18-2012 TEXT | - | | 81732740 | May 18 2012 4:17:27.420PM | - | $ 0.00 |

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE SELLERS, JEFFERSON D. TO THIS CASE.

| 05-18-2012 ACCOUNT | - | | 81732762 | May 18 2012 4:18:05.720PM | - | $ 0.00 |

RECEIPT # 2012-2363210 ON 05/18/2012.
PAYOR:GIBBS ARMSTRONG TOTAL AMOUNT PAID: $213.70.
LINE ITEMS:
CJ-2012-2654: $163.00 ON AC01 CLERK FEES.
CJ-2012-2654: $6.00 ON AC23 LAW LIBRARY FEE.
CJ-2012-2654: $0.70 ON AC31 COURT CLERK REVOLVING FUND.
CJ-2012-2654: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES.
CJ-2012-2654: $2.00 ON AC59 OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND.
CJ-2012-2654: $2.00 ON AC64 DISPUTE MEDIATION FEES.
CJ-2012-2654: $25.00 ON AC79 OCIS REVOLVING FUND.
CJ-2012-2654: $10.00 ON AC81 LENGTHY TRIAL FUND.

| 06-27-2012 SMF | - | | 82099912 | Jun 27 2012 10:44:35.250AM | Realized | $ 25.00 |

SUMMONS FEE (CLERKS FEE)5($ 25.00)

| 06-27-2012 SMIMA | - | | 82099921 | Jun 27 2012 10:44:56.070AM | - | $ 0.00 |

SUMMONS ISSUED - MAILED BY ATTORNEY-5-

| 06-27-2012 ACCOUNT | - | | 82099949 | Jun 27 2012 10:45:53.580AM | - | $ 0.00 |

RECEIPT # 2012-2390433 ON 06/27/2012.
PAYOR:GIBBS ARMSTRONG TOTAL AMOUNT PAID: $25.00.
LINE ITEMS:
CJ-2012-2654: $25.00 ON AC01 CLERK FEES.

| 07-12-2012 S | - | XL SPECIALTY INSURANCE COMPANY | 82243431 | Jul 12 2012 4:39:26.377PM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED.SUMMONS SERVED ON XL SPECIALTY INSURANCE COMPANY, ON 6-29-12 BY CERTIFIED MAIL (CLK'S NOTE: TRACK & CONFIRM ATTACHED - ILLEGIBLE)
📄 Document Available (#1019038785)

| 07-12-2012 S | - | VECTAIR USA LLC | 82243432 | Jul 12 2012 4:38:21.617PM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED FOR VECTAIR USA LLC / CERTIFIED MAIL / SIGNED BRENDA HAMMERTON, ON 6-29-12
📄 Document Available (#1019038874)

| 07-12-2012 S | - | AERO QUEST LLC | 82243466 | Jul 12 2012 4:39:46.837PM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED FOR AERO QUEST LLC / CERTIFIED MAIL/ SIGNED BRENDA HAMMERTON, ON 6-29-12 /
📄 Document Available (#1019038870)

| 07-12-2012 S | - | HOOVER, NATALIE BINGHAM | 82243494 | Jul 12 2012 4:40:45.587PM | - | $ 0.00 |

PARTY HAS BEEN SUCCESSFULLY SERVED. SUMMONS SERVED ON NATALIE BINGHAM

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

CHRISTIANSEN AVIATION, INC.,                    )
A Domestic Corporation,                         )   **CJ-2012-02654**
                                                )
                           Plaintiff,           )
Vs.                                             )       Case No.
                                                )
XL SPECIALTY INSURANCE COMPANY,                 )       **DISTRICT COURT**
A Foreign Corporation; FALCON INSURANCE         )       **F I L E D**
AGENCY, INC., a Foreign Corporation,            )
VECTAIR USA, LLC, A Foreign Limited             )       MAY 18 2012
Liability company; AERO QUEST, LLC, d/b/a       )
AIR VENTURE FLIGHT CENTER, a Foreign            )       SALLY HOWE SMITH, COURT CLERK
Limited Liability Company,   and NATALIE        )       STATE OF OKLA. TULSA COUNTY
BINGHAM HOOVER,                                 )
                                                )
                           Defendants.          )       JEFFERSON D. SELLERS

## PETITION

COMES NOW the Plaintiff, Christiansen Aviation, Inc. ("**Christiansen Aviation**"), by

and through its attorneys of the law firm of Gibbs Armstrong Borochoff Mullican & Hart, P.C.,

and in support of its Petition against Defendants, XL Specialty Insurance Company ("XL

Specialty"), Falcon Insurance Agency, Inc. ("Falcon Insurance"), Vectair, USA, LLC, and Aero

Quest, LLC, and Natalie Bingham Hoover, and alleges and states as follows:

### JURISDICTION AND VENUE

1.      Plaintiff Christiansen Aviation, Inc. is a domestic Oklahoma corporation with its

principal place of business in Tulsa, Oklahoma.

2.      Defendant XL Specialty is a foreign corporation registered to conduct insurance

business in Oklahoma with the Oklahoma Insurance Commission, upon information and belief,

with its principal place of business in Connecticut and incorporated in Delaware.

**EXHIBIT**

**2**

3.     Defendant Falcon Insurance is a foreign corporation registered to conduct insurance business in Oklahoma with the Oklahoma Insurance Commission, upon information and belief, with its principal place of business in Texas and incorporated in Texas.

4.     Defendant Vectair, upon information and belief, is a foreign limited liability company with its principal place of business in Mississippi and incorporated in Mississippi.

5.     Defendant Aero Quest, upon information and belief, is a foreign limited liability company with its principal place of business in Mississippi and incorporated in Mississippi.

6.     Defendant Natalie Bingham Hoover, upon information and belief, is a resident of Tennessee.

7.     Venue is proper under Oklahoma Stat. tit. 12 § 137 as the action and/or some part of it arose in Tulsa County, Plaintiff resides in Tulsa County, and, upon information and belief, Defendants have agents in Tulsa County, Oklahoma, and/or a Co-Defendant may be properly sued in Tulsa County.

### OPERATIVE FACTS

8.     Christiansen Aviation and Aero Quest, LLC (d.b.a. Air Venture Flight Center) and/or Vectair USA, LLC (collectively referred to as "Aero Quest"), entered into an Aircraft Lease Agreement ("lease") for use of a 1979 Beech-76, N6045M Duchess ("the aircraft"), executed in counterparts on or about January 18, 2012.

9.     The aircraft was principally hangered in Oklahoma.

10.     Prior to delivery of the aircraft and prior to Christiansen Aviation allowing Aero Quest and/or their agents and/or representatives to fly the aircraft, including Aero Quest flight instructor Natalie Bingham Hoover and her Aero Quest student pilot, Christiansen Aviation required and Aero Quest agreed to have insurance coverage for the aircraft and provide proof of insurance coverage.

2

11.     The lease required Aero Quest to obtain hull and liability insurance policies providing aircraft liability coverage and aircraft physical damage coverage prior to delivery of the aircraft, including prior to Aero Quest, and/or its agents or representatives, including Natalie Bingham Hoover, flying the aircraft.

12.     The lease required Aero Quest to furnish Christiansen Aviation evidence that the required insurance had been secured prior to delivery of the aircraft and prior to Aero Quest, and/or its agents, including Natalie Bingham Hoover, flying the aircraft.

13.     Aero Quest's responses to the Christiansen Aviation lease questionnaire indicated that XL Specialty and Falcon Insurance were Aero Quest's insurance providers with "Present Liability coverage" of "1,000,000/100,000" with a $2,500 deductible.

14.     On January 19, 2012, prior to delivery of the aircraft and prior to Aero Quest, and/or its agents, including Natalie Bingham Hoover, being allowed to fly the aircraft, XL Specialty and/or Falcon Insurance, acting as the agent and/or representative of XL Specialty Insurance, issued a Certificate of Insurance to Aero Quest and Christiansen Aviation.

15.     Aero Quest, and/or its agents, representatives, or employees, including, but not limited to, Natalie Bingham Hoover, provided or instructed the Certificate of Insurance be provided to Christiansen Aviation, and/or knew about and/or utilized the Certificate of Insurance delivered to Christiansen Aviation, upon information and belief, with knowledge of its contents.

16.     The Certificate of Insurance made the representations included therein, including, but not limited to, specifically providing coverage for the aircraft and specifically naming Christiansen Aviation as "Certificate Holder," "Owner/Lessor," "Additional Insured," and "Loss Payee."

3

17.   The Certificate of Insurance stated that Aircraft Liability Policy No. UA00003876AV11A provided Combined Single Limit Bodily Injury and Property Damage Liability of $1,000,000 each occurrence and Passenger Liability of $100,000 each passenger.

18.   The Certificate of Insurance states, "**This is to certify to Christiansen Aviation, Inc. . . . that . . .Aero Quest, LLC dba Air Venture Flight Center . . . is at this date insured with XL Specialty Insurance Company for the Limits of Coverage stated below: . . .**"

19.   The Certificate of Insurance includes a "Descriptive Schedule of Coverage" for "AIRCRAFT PHYSICAL DAMAGE – ALL RISKS" with a "Not In-Motion" or "In-Motion" Deductible of $2,500, for an "Amount of Insurance" of $75,000 stating, "Applies to:  1979 Beech 76, N6045M."

20.   The Certificate of Insurance continues, "[t]he Certificate Holder, as Owner/Lessor, is included as a Loss Payee as respects the aircraft physical damage coverage."

21.   The Certificate refers to, ". . . the insurance afforded by the policies described herein . . ."

22.   XL Specialty and/or Falcon Insurance agreed that in the event of cancellation of the policy they would endeavor to provide thirty (30) days advance notice of cancellation.

23.   Defendants' statements indicated that insurance coverage was in place at the time the Certificate of Insurance was issued.

24.   At the time Defendants issued the Certificate of Insurance and made representations to Aero Quest and/or Christiansen Aviation, they were aware of the existence and/or terms of the lease between Christiansen Aviation and Aero Quest, including, but not limited to, the duty to provide proof of insurance prior to flying the plane.

4

25.    Defendants' statements and/or the Certificate of Insurance indicated that Aero Quest had applicable and active insurance coverage for the aircraft and that Christiansen Aviation was a named Additional Insured and intended Loss Payee prior to the incident.

26.    Defendants did nothing to clarify or contradict such indication to Christiansen Aviation prior to the incident and Christiansen Aviation would not have allowed Aero Quest's pilot(s) to fly the aircraft without having first presented proof of insurance.

27.    Defendants intended for Christiansen Aviation, named Certificate Holder, Owner/Lessor, Additional Insured, and Loss Payee, to rely on the Certificate of Insurance and their statements and omissions at the time of issuance and/or utterance.

28.    Defendants reasonably anticipated and expected that additional insured Christiansen Aviation would rely on the Certificate of Insurance and their representations and allow the primary insured, Aero Quest, including Natalie Bingham Hoover, to fly, take control of, and/or accept delivery of the aircraft.

29.    Christiansen Aviation received and reasonably relied on the Certificate of Insurance and Defendants' representations prior to allowing Aero Quest's representatives, including Natalie Bingham Hoover, to take control, to fly, and/or take delivery of the aircraft.

30.    On January 19, 2012, agent(s) and/or representative(s) of Aero Quest, including Natalie Bingham Hoover, acting within the scope of their agency, traveled to the place of business of Christiansen Aviation.

31.    Based upon and in specific reliance on XL Specialty and Falcon Insurance's Certificate of Insurance and all Defendants' representations that Christiansen Aviation and Aero Quest had coverage for the aircraft, Christiansen Aviation allowed the Aero Quest pilot(s) to take control of the aircraft.

5

32.     On January 19, 2012, Aero Quest, including Natalie Bingham Hoover, took possession and control of the aircraft from Christiansen Aviation.

33.     On January 19, 2012, Aero Quest, including Natalie Bingham Hoover, took delivery of the aircraft from Christiansen Aviation.

34.     On or about January 19, 2012, Aero Quest, and/or an agent(s) of Aero Quest, including Natalie Bingham Hoover and the student pilot, were flying the aircraft and/or supervising the flying of the aircraft, and had possession, delivery, control, and/or acceptance of the aircraft, when they were involved in a single airplane aircraft incident.

35.     Aero Quest, and agent(s), employee(s), and/or representative(s) of Aero Quest, including Natalie Bingham Hoover, were negligent in failing to exercise ordinary care in flying the aircraft and/or supervising the flying of the aircraft, to avoid damage to another's property.

36.     The student pilot, who is at the controls and/or manipulating the controls, flipped the flap down switch as opposed to the landing gear, thereby causing the landing gear not to deploy and causing damage to Christiansen Aviation's plane.

37.     Natalie Bingham Hoover failed to properly supervise the student pilot in the operation of the plane.

38.     Natalie Bingham Hoover failed, when it became suspect, indicated, and/or suggested that the landing gear was not deployed and locked, to take over operation of the aircraft for the student pilot's safety, her own safety, and the safety of the plane.

39.     Natalie Bingham Hoover failed to perform an emergency extension when it became suspect, indicated, and/or suggested that the landing gear was not down before commencing landing of the plane.

*Who were the employees?*

40.     Immediately upon exiting the aircraft, Natalie Bingham Hoover met with employees of Christiansen Aviation and stated that she had not cycled the landing gear or performed an emergency extension.

41.     In her written statement to the FAA, she falsely indicated that she had cycled the landing gear and performed and emergency extension prior to instructing the student pilot to begin landing.

42.     The negligence of Aero Quest directly caused the damages sustained by Christiansen Aviation and the aircraft when the pilot in command, Natalie Bingham Hoover, allowed the student pilot, both acting as agents, representatives, and/or employees of Aero Quest, to flip the switch on the landing gear, allowing the nose of the plane to crash to the ground.

43.     The aircraft was damaged and suffered a covered loss in excess of $75,000.

44.     At the time of the incident, the aircraft, N6045M Duchess, was insured by the policy issued by XL Specialty and Falcon Insurance with Christiansen Aviation named as an additional insured, owner/lessor, and loss payee for the policy term from June 27, 2011 through June 27, 2012 or, in the alternative, Defendants failed to obtain and/or issue the insurance they were required to obtain and/or issue and Defendants misrepresented the status of the insurance coverage of Aero Quest issued by XL Specialty and Falcon Insurance.

45.     Plaintiff timely put Defendants on notice of the loss following the incident.

46.     XL Specialty has denied coverage without conducting a reasonable investigation and had failed to offer any benefits under the policy.

47.     XL Specialty Insurance has wrongfully denied Christiansen Aviation's claim.

48.     In denying Christiansen Aviation's claim, XL Specialty Insurance has acted in reckless and wanton disregard of Christiansen Aviation's rights and/or with malice aforethought.

7

49.     Plaintiff has been forced to obtain legal counsel to obtain benefits under the insurance policy to which it is entitled.   Even after Plaintiff was represented by counsel, Defendant continued to deny benefits under the policy.

50.     As a result of the afore-mentioned accident, Plaintiff's aircraft has been damaged, Plaintiff's property has been damaged, and Plaintiff has suffered loss of income because of damage to the aircraft and/or its property.

51.     Defendants after having made the representations aforesaid to the contrary, and only after the incident causing damage to the aircraft, now deny the existence of insurance coverage for the aircraft, whether under a binder or under the insurance policy itself.

## COUNT I

## BREACH OF CONTRACT AS TO DEFENDANT XL SPECIALTY

52.     Plaintiff realleges and incorporates by reference paragraphs one through fifty-one of this Petition.

53.     Defendants are responsible and vicariously liable for the actions, statements, and/or misstatements of their agents, representatives, and or employees acting within the scope of their employment.

54.     As an additional insured, Christiansen Aviation is entitled to the same benefits as a primary insured.

55.     When an authorized broker, such as Falcon Insurance, extends a binder, such as the certificate of insurance, the insurance company, here XL Specialty, is bound.

56.     Generally, a binder binds the insurer to pay losses occurring before the policy is actually issued, in accordance with the terms of an insurance policy ordinarily issued by the company to insure like risks.

8

57.     XL Specialty and/or Falcon Insurance were required by Oklahoma Law to provide statutory notice to Aero Quest and/or Christiansen Aviation prior to cancellation.

58.     Defendant breached its contract with Plaintiff by failing to acknowledge, properly investigate, and provide timely payments to Plaintiff's first-party claim under the coverage afforded under the policy and/or binder.  These failures occurred despite Plaintiff's notice of Defendant's claim and demand for payment.

59.     Plaintiff has performed all conditions precedent to recovery under the insurance policy and/or binder and does not excuse Defendant's breach.

60.     Christiansen Aviation is entitled to recover for Defendants' breach of contract, the amount of money that is needed to put it in as good a position as it would have been if the contract had not been breached.

61.     As a result of Defendant's breach of contract, Plaintiff has sustained damages, including, but not limited to, damage to the airplane, damages under the lease, loss of the lease and/or income under the lease, and loss of use of the aircraft, in excess of seventy-five thousand dollars.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant XL Specialty in an amount in excess of $75,000.00 with interest thereon at the highest legal rate from the date of the accident, January 19, 2012, until paid, together with all costs of this action, to include attorneys' fees and all such relief as the Court may deem just and proper.

## COUNT II

## BAD FAITH AS TO XL SPECIALTY

62.     Plaintiff realleges and incorporates by reference paragraphs one through sixty-one of this Petition.

9

63.     Defendant recklessly disregarded its duty to properly investigate Plaintiff's first-party claim and to act in good faith with its insured. Alternatively, Defendant has intentionally with malice breached its duty to deal fairly and act in good faith to its insured, such as Plaintiff is entitled to recover exemplary damages against said Defendant.

64.     Defendant's refusal to pay Plaintiff's claim was unreasonable under the circumstances, and the Defendant thereby violated its duty of good faith and fair dealing with Plaintiff under Oklahoma law.

65.     Further, Defendant is in violation of the Unfair Claims Settlement Practices Act as set forth in 36 O.S. § 1250.5, which constitutes *prima facie* evidence of Defendant's disregard of its duty of good faith and fair dealing.

66.     As a result of Defendant's bad faith refusal to investigate and pay Plaintiff's claim, Plaintiff has suffered:  financial losses as it will have to spend personal money for repair services and has spent money for incident response, has suffered loss of income and profit, loss of use of the airplane, and has suffered property damage; embarrassment and loss of reputation; mental pain and suffering; and other damages.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant XL Specialty in an amount in excess of $75,000.00 with interest thereon at the highest legal rate from the date of the accident, January 19, 2012, until paid, together with all costs of this action, to include attorneys' fees, and punitive damages, and all such relief as the Court may deem just and proper.

10

## COUNT III

### FRAUD (ACTUAL AND CONSTRUCTIVE) AS TO DEFENDANTS XL SPECIALTY, FALCON INSURANCE, VECTAIR, AERO QUEST, AND NATALIE BINGHAM HOOVER

67.     Plaintiff realleges and incorporates by reference paragraphs one through sixty-six of this Petition.

68.     Defendants are responsible and vicariously liable for the actions, statements, and/or misstatements of their agents, representatives, and/or employees acting within the scope of their employment.

69.     Upon information and belief Vectair USA, LLC fully controls Aero Quest, LLC, or vice versa, such that one is but the instrumentality of the other and the corporate veil should be pierced.

70.     Defendants made false material misrepresentations, including promises that they made without any intention of performing (such as promises to provide insurance coverage to Plaintiff and Aero Quest for the aircraft).

71.     Defendants made the misrepresentations with knowledge that they were false or as positive assertions made recklessly, without any knowledge of its truth.

72.     Defendants made the misrepresentations with the intention that they should be acted upon by Plaintiff.

73.     Plaintiff acted in reliance upon Defendants' misrepresentations.

74.     Defendants breached a duty which, with or/without an actually fraudulent intent, gained an advantage to them, or any one claiming under them, by misleading Plaintiff to its prejudice, or to the prejudice of any one claiming under him.

75.     Plaintiff thereby suffered damages.

11

76.     Defendants are liable for any injury which Christiansen Aviation suffered as a result of Defendants deceit, including, but not limited to: repair costs, loss of income, loss of use of the aircraft, loss of resale value, damage to reputation, and mental pain and suffering.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants in an amount in excess of $75,000.00 with interest thereon at the highest legal rate from January 19, 2012 until paid, and for punitive damages, together with all costs for this action, including attorneys' fees, and such other relief as the Court may deem just and proper.

<u>COUNT IV</u>

NEGLIGENT MISREPRESENTATION AS TO DEFENDANTS XL SPECIALTY, FALCON INSURANCE, VECTAIR, AERO QUEST, <u>AND NATALIE BINGHAM HOOVER</u>

77.     Plaintiff realleges and incorporates by reference paragraphs one through seventy-six of this Petition.

78.     Plaintiff's claims against Defendants for negligent misrepresentation are made in the alternative to Plaintiff's claims against Defendant for fraud.

79.     Defendants made misrepresentation(s) and/or omission(s) of material fact and chose to make statements without speaking the whole truth.

80.     In making the misrepresentation(s) and/or omission(s), Defendants failed to exercise reasonable care, Defendants XL Insurance and Falcon Insurance failed to exercise the reasonable care required of competent insurers and insurance agents, and Natalie Bingham Hoover failed to exercise the reasonable care required of a competent flight instructor and/or pilot.

81.     Plaintiff reasonably relied on Defendants' misrepresentation(s) or omission(s).

82.     Plaintiff sustained damage as result of such reliance.

12

83.     Defendants are liable for any injury which Christiansen Aviation suffered as a result of Defendants deceit, including, but not limited to: repair costs, loss of income, loss of use of the aircraft, loss of resale value, damage to reputation, and mental pain and suffering.

84.     Defendants acted in reckless disregard of the rights of Plaintiff and/or intentionally with malice towards Plaintiff in making the misstatements and/or omissions.

85.     Defendants in the course of their business, profession or employment, and/or in a transaction in which they had a pecuniary interest, supplied false information for the guidance of others in their business transactions and failed to exercise reasonable care or competence in obtaining or communicating the information.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants in an amount in excess of $75,000.00 with interest thereon at the highest legal rate from the date of the accident, January 19, 2012, until paid, together with all costs of this action, to include attorneys' fees, and punitive damages, and all such relief as the Court may deem just and proper.

## COUNT V

## BREACH OF CONTRACT AS TO VECTAIR AND AERO QUEST

86.     Plaintiff realleges and incorporates by reference paragraphs one through eighty-five of this Petition.

87.     Defendants breached the lease and their agreement to both attain and provide proof of insurance on the aircraft prior to flying, delivery, and acceptance of the aircraft, and have breached numerous provisions of the lease, including, but not limited to, Section 5. Insurance, Section 6. Risk of Casualty Loss, and Section 8 Lease Covenants.

88.     Plaintiff has performed all conditions precedent to recovery under the contract and does not excuse Defendant's breach.

13

89.     Defendants breached terms of the lease, including, but not limited to, their duty to repair the aircraft and lease the aircraft for the term of the lease.

90.     Christiansen Aviation is entitled to recover for Defendants' breach of contract, the amount of money that is needed to put it in as good a position as it would have been if the contract had not been breached.

91.     As a result of Defendant's breach of contract, Plaintiff has sustained damages, including, but not limited to, damage to the airplane, damages under the lease, loss of the lease and/or income under the lease, and loss of use of the aircraft, in excess of seventy-five thousand dollars.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants in an amount in excess of $75,000.00 with interest thereon at the highest legal rate from January 19, 2012 until paid, and for punitive damages, together with all costs for this action, including attorneys' fees, and such other relief as the Court may deem just and proper.

## COUNT VI

### NEGLIGENCE AND NEGLIGENT SUPERVISION AS TO VECTAIR, AERO QUEST, AND NATALIE BINGHAM HOOVER

92.     Plaintiff realleges and incorporates by reference paragraphs one through ninety-one of this Petition.

93.     Defendants Vectair, Aero Quest, and/or their agents, representatives, or employees breached their duty to exercise ordinary care, including the ordinary care of a certified flight instructor, to avoid damage to Christiansen Aviation's property in their actions prior to flying the aircraft and in flying, controlling, and/or supervising the flying of the aircraft.

94.     Christiansen Aviation is entitled to all damages caused by Defendants' negligence, including, but not limited to: repair costs, loss of income, loss of use of the aircraft, loss of resale value, damage to reputation, and mental pain and suffering.

14

95.    Such negligence was a direct cause of the damages sustained by Plaintiff.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants in an amount in excess of $75,000.00 with interest thereon at the highest legal rate from January 19, 2012 until paid, and for punitive damages, together with all costs for this action, including attorneys' fees, and such other relief as the Court may deem just and proper.

<strong><u>COUNT VII</u></strong>

<strong><u>INDEMNITY AS TO ALL DEFENDANTS</u></strong>

96.    Plaintiff realleges and incorporates by reference paragraphs one through ninety-five of this Petition.

97.    Pursuant to agreement, contract (including the lease and the policy), and/or equity the Defendants owe Plaintiff indemnity.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendants in an amount in excess of $75,000.00 with interest thereon at the highest legal rate from January 19, 2012 until paid, and for punitive damages, together with all costs for this action, including attorneys' fees, and such other relief as the Court may deem just and proper.

Respectfully submitted,

**GIBBS ARMSTRONG BOROCHOFF
MULLICAN & HART, P.C.**

George Gibbs, OBA # 11843
Jamie Rogers, OBA # 19927
601 South Boulder Avenue, Suite 500
Tulsa, Oklahoma 74119
918-587-3939 Telephone
918-582-5504 Facsimile

**ATTORNEY LIEN CLAIMED         ATTORNEYS FOR PLAINTIFF
JURY TRIAL DEMANDED            CHRISTIANSEN AVIATION**

15



# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTIANSEN AVIATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CJ-2012-02654 |
| v. | ) | |
| | ) | |
| XL SPECIALTY INSURANCE COMPANY, | ) | **Attorneys for Plaintiff:** |
| a Foreign Corporation; FALCON INSURANCE | ) | George Gibbs, OBA #11843 |
| AGENCY, INC., A Foreign Corporation; | ) | Jamie Rogers, OBA #19927 |
| VECTAIR USA, LLC, A Foreign Limited | ) | Gibbs Armstrong Borochoff Mullican and |
| Liability Company; AERO QUEST LLC, d/b/a | ) | Hart, P.C. |
| AIR VENTURE FLIGHT CENTER, A Foreign | ) | 601 S. Boulder Ave., Suite 500 |
| Limited Liability Company; and NATALIE | ) | Tulsa, OK 74119 |
| BINGHAM HOOVER, | ) | 918-587-3939/918-582-5504 fax |
| Defendants. | ) | |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: **XL SPECIALTY INSURANCE COMPANY**
c/o OK INSURANCE DEPT
5 CORPORATE PLAZA
3625 NW 56TH ST STE 100
OK CITY OK 73112

You have been sued by the above-named Plaintiff and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 27th day of June, 2012.

Court Clerk

BY: _____ Deputy Court Clerk

(seal)

This summons and order was served on _____
(date of service)

_____
(Signature of person serving summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.**

**Return ORIGINAL for filing.**

## EXHIBIT

### 3

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA
RETURN/AFFIDAVIT OF SERVICE OF SUMMONS

Case No.   CJ-2012-02654

Attorneys for Plaintiff:
GIBBS ARMSTRONG BOROCHOFF
   MULLICAN & HART, P.C.
601 S. Main, Suite 500
Tulsa, OK  74119
918-587-3939

CHRISTIANSEN AVIATION, INC.,                 Plaintiff,

vs.

XL SPECIALTY INSURANCE CO., et al.          Defendant.

## CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed on the 28th day of June, 2012, a copy of the foregoing Summons with a copy of the Petition and Discovery Requests attached to the named Defendant at the address shown by certified mail, addressee only, return receipt requested, and it was received on the date shown:

Date Receipted:   6-29-12

(Signature of person mailing summons)

## My Online Services

↑ Profile 🖶Print ①Guide

| Systems | Reports | E-Services | Supplies |
|---|---|---|---|

Home > E-Services > Status History

**Status History   ?**

### ♦ Tracking Number Information

| | | | |
|---|---|---|---|
| Meter: | 11616389 | Mailing Date: | 06/28/12 02:07 PM |
| Tracking Number: | 917196900935001 2897169 | Sender: | GABMH |
| Current Status: | OK : Delivered | Recipient: | |
| Class of Mail: | FC | ZIP Code: | 73112 |
| Service: | ERR | City: | Oklahoma City |
| Value | $9.100 | State: | OK |

**Proof of delivery**



### ♦ Status Details

| ▼ Status Date | Status |
|---|---|
| Fri, 06/29/12, 09:06:00 AM | OK : Delivered |

Note: Delivery status updates are processed throughout the day and posted upon receipt from the Postal Service.

O



## IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTIANSEN AVIATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CJ-2012-02654 |
| v. | ) | |
| | ) | |
| XL SPECIALTY INSURANCE COMPANY, | ) | **Attorneys for Plaintiff:** |
| a Foreign Corporation; FALCON INSURANCE | ) | George Gibbs, OBA #11843 |
| AGENCY, INC., A Foreign Corporation; | ) | Jamie Rogers, OBA #19927 |
| VECTAIR USA, LLC, A Foreign Limited | ) | Gibbs Armstrong Borochoff Mullican and |
| Liability Company; AERO QUEST LLC, d/b/a | ) | Hart, P.C. |
| AIR VENTURE FLIGHT CENTER, A Foreign | ) | 601 S. Boulder Ave., Suite 500 |
| Limited Liability Company; and NATALIE | ) | Tulsa, OK 74119 |
| BINGHAM HOOVER, | ) | 918-587-3939/918-582-5504 fax |
| Defendants. | ) | |

### SUMMONS

DISTRICT COURT
**FILED**

JUL 1 2 2012

TO THE ABOVE-NAMED DEFENDANT: **VECTAIR USA, LCC**
**11299 AIRPORT RD**
**OLIVE BRANCH MS  38654**

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

You have been sued by the above-named Plaintiff and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service.  Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 27th day of June, 2012.

Court Clerk

BY: _____, Deputy Court Clerk

(seal)

This summons and order was served on _____
(date of service)

_____
(Signature of person serving summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.**

**Return ORIGINAL for filing.**

**EXHIBIT**

**4**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA
RETURN/AFFIDAVIT OF SERVICE OF SUMMONS

Case No.   CJ-2012-02654

Attorneys for Plaintiff:
GIBBS ARMSTRONG BOROCHOFF
    MULLICAN & HART, P.C.
601 S. Main, Suite 500
Tulsa, OK   74119
918-587-3939

CHRISTIANSEN AVIATION, INC.,          Plaintiff,

vs.

XL SPECIALTY INSURANCE CO., et al.     Defendant.

### CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed on the 27th day of June, 2012, a copy of the foregoing Summons with a copy of the Petition and Discovery Requests attached to the named Defendant at the address shown by certified mail, addressee only, return receipt requested, and it was received on the date shown:

Date Receipted: _6-29-12_

_____
(Signature of person mailing summons)

Tracking                                                                   Page 1 of 1

## My Online Services

↑ Profile ⊟Print ①Guide

| Systems | Reports | E-Services | Supplies |
|---------|---------|------------|----------|

Home > E-Services > Status History

**Status History ?**

### • Tracking Number Information

| | | | |
|---|---|---|---|
| Meter: | 11616389 | Mailing Date: | 06/27/12 01:16 PM |
| Tracking Number: | 917196900935001 2897046 | Sender: | GABMH/VECTAIR USA LLC |
| Current Status: | OK : Delivered | Recipient: | |
| Class of Mail: | FC | ZIP Code: | 38654 |
| Service: | ERR | City: | Olive Branch |
| Value | $10.750 | State: | MS |

**Proof of delivery**



### • Status Details

| ▼ Status Date | Status |
|---------------|--------|
| Fri, 06/29/12, 10:36:00 AM | OK : Delivered |
| Fri, 06/29/12, 05:11:00 AM | Arrival at Unit |

Note: Delivery status updates are processed throughout the day and posted upon receipt from the Postal Service.



## IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTIANSEN AVIATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CJ-2012-02654 |
| v. | ) | |
| | ) | |
| XL SPECIALTY INSURANCE COMPANY, | ) | **Attorneys for Plaintiff:** |
| a Foreign Corporation; FALCON INSURANCE | ) | George Gibbs, OBA #11843 |
| AGENCY, INC., A Foreign Corporation; | ) | Jamie Rogers, OBA #19927 |
| VECTAIR USA, LLC, A Foreign Limited | ) | Gibbs Armstrong Borochoff Mullican and |
| Liability Company; AERO QUEST LLC, d/b/a | ) | Hart, P.C. |
| AIR VENTURE FLIGHT CENTER, A Foreign | ) | 601 S. Boulder Ave., Suite 500 |
| Limited Liability Company; and NATALIE | ) | Tulsa, OK 74119 |
| BINGHAM HOOVER, | ) | 918-587-3939/918-582-5504 fax |
| Defendants. | ) | |

DISTRICT COURT
**F I L E D**

JUL 1 2 2012

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

### SUMMONS

TO THE ABOVE-NAMED DEFENDANT: **AERO QUEST LLC**
**11299 AIRPORT RD**
**OLIVE BRANCH MS 38654**

You have been sued by the above-named Plaintiff and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 27th day of June, 2012.

Court Clerk

BY _____, Deputy Court Clerk

(seal)

This summons and order was served on _____
(date of service)

_____
(Signature of person serving summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER. SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.**

**Return ORIGINAL for filing.**

**EXHIBIT**

**5**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA
RETURN/AFFIDAVIT OF SERVICE OF SUMMONS

Case No.   CJ-2012-02654

Attorneys for Plaintiff:
GIBBS ARMSTRONG BOROCHOFF
   MULLICAN & HART, P.C.
601 S. Main, Suite 500
Tulsa, OK   74119
918-587-3939

CHRISTIANSEN AVIATION, INC.,            Plaintiff,

vs.

XL SPECIALTY INSURANCE CO., et al.      Defendant.

### CERTIFICATE OF SERVICE BY MAIL

I certify that I mailed on the 27th day of June, 2012, a copy of the foregoing Summons with a copy of the Petition and Discovery Requests attached to the named Defendant at the address shown by certified mail, addressee only, return receipt requested, and it was received on the date shown:

Date Receipted:   *6-29-12*

_____
(Signature of person mailing summons)

Tracking

## My Online Services

† Profile ▣Print ①Guide

| Systems | Reports | E-Services | Supplies |
|---------|---------|------------|----------|

Home > E-Services > Status History

**Status History   ?**

### ♦ Tracking Number Information

| | | | | |
|---|---|---|---|---|
| Meter: | 11616389 | Mailing Date: | 06/27/12 01:19 PM |
| Tracking Number: | 9171969009350012897053 | Sender: | GABMH/AERO QUEST |
| Current Status: | OK : Delivered | Recipient: | |
| Class of Mail: | FC | ZIP Code: | 38654 |
| Service: | ERR | City: | Olive Branch |
| Value | $10.750 | State: | MS |

Proof of delivery



### ♦ Status Details

| ▼ Status Date | Status |
|---------------|--------|
| Fri, 06/29/12, 10:36:00 AM | OK : Delivered |
| Fri, 06/29/12, 05:11:00 AM | Arrival at Unit |
| Fri, 06/29/12, 02:10:00 AM | |
| Thu, 06/28/12, 07:00:00 PM | Processed (processing scan) |

Note: Delivery status updates are processed throughout the day and posted upon receipt from the Postal Service.

*1019038781*

# IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

| | | |
|---|---|---|
| CHRISTIANSEN AVIATION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. CJ-2012-02654 |
| v. | ) | |
| | ) | |
| XL SPECIALTY INSURANCE COMPANY, | ) | **Attorneys for Plaintiff:** |
| a Foreign Corporation; FALCON INSURANCE | ) | George Gibbs, OBA #11843 |
| AGENCY, INC., A Foreign Corporation; | ) | Jamie Rogers, OBA #19927 |
| VECTAIR USA, LLC, A Foreign Limited | ) | Gibbs Armstrong Borochoff Mullican and |
| Liability Company; AERO QUEST LLC, d/b/a | ) | Hart, P.C. |
| AIR VENTURE FLIGHT CENTER, A Foreign | ) | 601 S. Boulder Ave., Suite 500 |
| Limited Liability Company; and NATALIE | ) | Tulsa, OK 74119 |
| BINGHAM HOOVER, | ) | 918-587-3939/918-582-5504 fax |
| Defendants. | ) | |

DISTRICT COURT
**F I L E D**

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT: **NATALIE BINGHAM HOOVER** JUL 1 2 2012

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA, TULSA COUNTY

You have been sued by the above-named Plaintiff and you are directed to file a written Answer to the attached Petition in the Court at the above address within twenty (20) days after service of this Summons upon you, exclusive of the day of service. Within the same time, a copy of your Answer must be delivered or mailed to the attorney for the Plaintiff. Unless you answer the Petition within the time stated, judgment will be rendered against you with costs of the action.

Issued this 27th day of June, 2012.

Court Clerk

BY _____, Deputy Court Clerk

(seal)

This summons and order was served on _____
(date of service)

_____
(Signature of person serving summons)

**YOU MAY SEEK THE ADVICE OF AN ATTORNEY ON ANY MATTER CONNECTED WITH THIS SUIT OR YOUR ANSWER.  SUCH ATTORNEY SHOULD BE CONSULTED IMMEDIATELY SO THAT AN ANSWER MAY BE FILED WITHIN THE TIME LIMIT STATED IN THIS SUMMONS.**

**Return ORIGINAL for filing.**

**EXHIBIT**

**6**

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA
RETURN/AFFIDAVIT OF SERVICE OF SUMMONS

Case No.   CJ-2012-02654

Attorneys for Plaintiff:
GIBBS ARMSTRONG BOROCHOFF
   MULLICAN & HART, P.C.
601 S. Main, Suite 500
Tulsa, OK  74119
918-587-3939

CHRISTIANSEN AVIATION, INC.,     Plaintiff,

vs.

XL SPECIALTY INSURANCE CO., et al.   Defendant.

## CERTIFICATE OF SERVICE BY MAIL

   I certify that I mailed on the 28th day of June, 2012, a copy of the foregoing Summons with a copy of the Petition and Discovery Requests attached to the named Defendant at the address shown by certified mail, addressee only, return receipt requested, and it was received on the date shown:

Date Receipted: _7-5-12_

_Diane Russell_
(Signature of person mailing summons)

USPS.com® - Track & Confirm

Page 1 of 1

**USPS.COM**

Search USPS.com or Track Packages

Quick Tools          Ship a Package          Send Mail          Manage Your Mail          Shop          Business Solutions

# Track & Confirm

GET EMAIL UPDATES        PRINT DETAILS

| YOUR LABEL NUMBER | SERVICE | STATUS OF YOUR ITEM | DATE & TIME | LOCATION | FEATURES |
|---|---|---|---|---|---|
| 9171969009350012897152 | | Delivered | July 05, 2012, 12:44 pm | GERMANTOWN, TN 38138 | Certified Mail™ Return Receipt Electronic |
| | | Notice Left | June 30, 2012, 10:58 am | GERMANTOWN, TN 38138 | |
| | | Arrival at Unit | June 30, 2012, 5:19 am | GERMANTOWN, TN 38138 | |
| | | Depart USPS Sort Facility | June 30, 2012 | MEMPHIS, TN 38138 | |
| | | Processed through USPS Sort Facility | June 29, 2012, 9:39 pm | MEMPHIS, TN 38138 | |

**Check on Another Item**

What's your label (or receipt) number?

Find

LEGAL
Privacy Policy ›
Terms of Use ›
FOIA ›
No FEAR Act EEO Data ›

ON USPS.COM
Government Services ›
Buy Stamps & Shop ›
Print a Label with Postage ›
Customer Service ›
Site Index ›

ON ABOUT.USPS.COM
About USPS Home ›
Newsroom ›
Mail Service Updates ›
Forms & Publications ›
Careers ›

OTHER USPS SITES
Business Customer Gateway ›
Postal Inspectors ›
Inspector General ›
Postal Explorer ›

Copyright© 2012 USPS. All Rights Reserved.



## UNITED STATES
## POSTAL SERVICE.

Date: 07/11/2012

MARIA HICKMAN:

The following is in response to your 07/11/2012 request for delivery information on your Certified Mail(TM) item number 7196 9009 3500 1289 7152. The delivery record shows that this item was delivered on 07/05/2012 at 12:44 PM in GERMANTOWN, TN 38138. The scanned image of the recipient information is provided below.

Signature of Recipient:

Dustin Hoover

Address of Recipient:

2823 Huds(roor
Germantown, TN
38138

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local Post Office or postal representative.

Sincerely,

United States Postal Service





IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

CHRISTIANSEN AVIATION, INC.,     )
A Domestic Corporation,     )
     )
     Plaintiff,     )
     )
vs.     )   Case No.: CJ-2012-02654
     )   Judge Sellers
XL SPECIALTY INSURANCE COMPANY, a   )
Foreign Corporation; FALCON INSURANCE   )
AGENCY, INC., a Foreign Corporation;   )
VECTAIR USA, LLC, a Foreign Limited   )
Liability Company; AERO QUEST, LLC,   )
d/b/a AIR VENTURE FLIGHT CENTER, a   )
Foreign Limited Liability Company, and   )
NATALIE BINGHAM HOOVER,   )
     )
     Defendants.     )

**DISTRICT COURT**
**F I L E D**

JUL 1 8 2012

SALLY HOWE SMITH, COURT CLERK
STATE OF OKLA. TULSA COUNTY

### SPECIAL ENTRY OF APPEARANCE AND RESERVATION
### OF TIME IN WHICH TO FURTHER PLEAD OR ANSWER

Pursuant to the provisions of 12 O.S. §2012(A), *Young v. Walton*, 1991 OK 20, 807 P.2d 248, and 12 O.S. §2012(F)(4), the Defendants, XL Specialty Insurance Company, Vectair USA, LLC, Aero Quest, LLC, and Natalie Bingham Hoover, hereby specially enter their appearances and reservation of time, and request an additional twenty (20) days, up to and including August 6, 2012, in which to answer or otherwise plead.

Defendants, XL Specialty Insurance Company, Vectair USA, LLC, Aero Quest, LLC, and Natalie Bingham Hoover, specifically reserve their rights to assert all defenses available by law, including, but not limited to, all defenses specifically identified by 12 O.S. §2012(B). See *Campbell v. American International Group, Inc.*, 1999 OK CIV APP 37, 976 P.2d 1102.

Dated: July 18, 2012.

**EXHIBIT**

**7**

Respectfully Submitted,

By: _____

JOHN H. TUCKER, OBA #9110
jtucker@rhodesokla.com
KERRY L. LEWIS, OBA #16519
klewis@rhodesokla.com
RHODES, HIERONYMUS, JONES, TUCKER & GABLE
ONEOK Plaza
100 West 5th Street, Suite 400 [74103-4287]
P.O. Box 21100
Tulsa, OK  74121-1100
Phone:  (918) 582-1173
Fax:  (918) 592-3390
*Attorneys for Defendants, XL SPECIALTY INSU-
RANCE COMPANY, VECTAIR USA, LLC, AERO
QUEST, LLC, and NATALIE BINGHAM HOOVER*

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of July, 2012, a true and correct copy of the above and foregoing was mailed, with correct postage fully prepaid thereon, to the following:

George Gibbs
Jamie Rogers
GIBBS ARMSTRONG BOROCHOFF MULLICAN & HART, PC
601 S. Boulder Ave., Suite 500
Tulsa, OK, 74119
*Attorneys for Plaintiff*

_____

2

**Company Search Look-up**

**NAIC Consumer Information Source** (https://eapps.naic.org/cis/)

CLOSE

| COMPANY DEMOGRAPHICS | | | | |
|---|---|---|---|---|
| Company Name: | XL SPECIALTY INSURANCE COMPANY | | FEIN: | 85-0277191 |
| State of Incorporation: | DELAWARE | Incorporation Date: 01/19/1994 | Issue Date: | 01/19/1994 |
| Company #: | 860697 | NAIC #: 37885 | | |
| NAIC Group #: | 1285 | NAIC Group Name: | XL AMER GRP | |
| Domicile Type : | Foreign | Company Type: | Property and Casualty | |
| Status: | Active | | | |
| Effective Date: | 01/19/1994 | | | |
| Please select by clicking the appropriate link for additional information: | | | | |
| Company Address | Line of Business | | Company Name Change History | Company Merger History |

**EXHIBIT**

**8**

# TEXAS SECRETARY of STATE
# HOPE ANDRADE

UCC | **Business Organizations** | **Trademarks** | **Notary** | **Account** | **Help/Fees** | **Briefcase** | **Logout**

**BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY**

| | | | |
|---|---|---|---|
| **Filing Number:** | 46879700 | **Entity Type:** | Domestic For-Profit Corporation |
| **Original Date of Filing:** | March 27, 1979 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 17420441119 | **FEIN:** | |
| **Duration:** | Perpetual | | |

| | |
|---|---|
| **Name:** | FALCON INSURANCE AGENCY, INC. |
| **Address:** | P.O. BOX 291388 |
| | KERRVILLE, TX 78029 USA |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES |
|---|---|---|---|---|---|

| Name | Address | | Inactive Date |
|---|---|---|---|
| J Walker Holland | 306 West 7th St, Ste. 500 | | |
| | Fort Worth, TX 76102-4982 USA | | |

[ Order ]   [ Return to Search ]

Instructions:
● To place an order for additional information about a filing press the 'Order' button.



**EXHIBIT**

**9**



**Search Results Include Filings Through 07/15/2012 12:00 AM**

Search
•By Business Name
•By Business ID
•By Officer Name
•By Registered Agent
•New Corporations
   Annual Report
•File Corporate Annual Report
•File LLC Annual Report
   Verification
•Verify Certification
   Online Orders
•Register for Online Orders
•Order Good Standing
   Miscellaneous
•Look Up an SIC

Date: 7/17/2012   **View Filed Documents**
Name History

| Name | Name Type |
| --- | --- |
| Vectair USA, LLC | Legal |
| VECTOR USA, LLC | Prev Legal |

Limited Liability Company - Domestic - Information
**Business ID:**                     697662
**Status:**                          Good Standing
**Creation Date:**                   2/5/2001
**State of Incorporation:**          MS
**Principal Office Address:**        11299 AIRPORT RD
                                     OLIVE BRANCH MS 38654
**Listing Address:**                 No Address

Registered Agent
**Agent Name:**
**Office Address:**                  No Address
**Mailing Address:**                 No Address

Officers & Directors



Home  |  Accessibility Policy  |  Contact Us  |  E-mail Us  |  Links  |  Search

Copyright © 2012 Mississippi Secretary of State. All rights reserved.
Due to the use of DHTML and Java, this Web site is optimized for Microsoft Internet Explorer 5+ or Netscape 6+.

**EXHIBIT**

**10**



**Search Results Include Filings Through 07/15/2012 12:00 AM**

Search
•By Business Name
•By Business ID
•By Officer Name
•By Registered Agent
•New Corporations
      Annual Report
•File Corporate Annual Report
•File LLC Annual Report
      Verification
•Verify Certification
      Online Orders
•Register for Online Orders
•Order Good Standing
      Miscellaneous
•Look Up an SIC

**Date:** 7/17/2012    <u>**View Filed Documents**</u>
Name History

| Name | Name Type |
| --- | --- |
| Aero Quest, LLC | Legal |

<u>Limited Liability Company - Domestic - Information</u>
**Business ID:**                    880182
**Status:**                         Good Standing
**Creation Date:**                  10/20/2005
**State of Incorporation:**         MS
**Principal Office Address:**       11299 AIRPORT RD
                                    OLIVE BRANCH MS 38654
**Listing Address:**                No Address

<u>Registered Agent</u>
**Agent Name:**                     <u>Hammerton, Ken</u>
**Office Address:**                 8000 Terminal Drive
                                    Olive Branch MS 38654
**Mailing Address:**

<u>Officers & Directors</u>



Home  |  Accessibility Policy  |  Contact Us  |  E-mail Us  |  Links  |  Search

Copyright © 2012 Mississippi Secretary of State. All rights reserved.
Due to the use of DHTML and Java, this Web site is optimized for Microsoft Internet Explorer 5+ or Netscape 6+.

**EXHIBIT**

**11**